IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EVAN DENTY,<br><br>                     Plaintiff,<br><br>vs.<br><br>ASRC ENERGY SERVICES –<br>HOUSTON CONTRACTING<br>COMPANY, INC.,<br><br>                     Defendant. | Case No. 4:23-cv-00024-JMK<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court at Docket 10 is Defendant ASRC Energy Services – Houston Contracting Company, Inc.'s ("HCC's") *Motion to Dismiss*. Plaintiff Evan Denty responded in opposition at Docket 15 and HCC replied at Docket 20. The Court took the motion under advisement after hearing oral argument on May 14, 2024.

For the following reasons, the motion is **DENIED**.

I. **BACKGROUND**

This is an action under the Labor Management Relations Act for breach of the Trans Alaska Pipeline Maintenance and Construction Agreement (the "CBA"), a collective bargaining agreement between the United Association of Plumbers and

Pipefitters, Local Union 375 ("Local 375") and HCC.[1] The CBA applies to all maintenance, construction, and demolition work on the Trans Alaska Pipeline System, including "all associated support work."[2] It covers all employees hired to perform this scope of work except "clerical" workers and "supervisors," as defined by the National Labor Relations Act.[3]

Under the CBA, covered employees may only be terminated for "just cause."[4] Additionally, the CBA provides that disputes "with respect to the application or performance of" the CBA are adjudicated in a four-step grievance procedure.[5] First, when an issue with respect to the application or performance of the CBA arises, the job steward and the superintendent or an authorized representative discuss the issue.[6] If after seven days, either party determines there is a dispute, the grievance is reduced to writing and proceeds to Step Two.[7] Under Step Two, the Union Representative and the Manager of the Contractor meet and attempt to settle the grievance.[8] If within 14 days the grievance is not settled, the matter proceeds to Step Three and is submitted to the Union Representative, the Contractor, and a standing committee.[9] Ultimately, if the grievance is not resolved at Step Three, it is submitted to arbitration.[10] In the case of "discharge,

---

[1] *See generally* Docket 1; *see also* Docket 1-1 (collective bargaining agreement).
[2] Docket 1-1 at 4.
[3] Docket 1-1 at 5.
[4] Docket 1-1 at 14.
[5] Docket 1-1 at 16.
[6] Docket 1-1 at 16.
[7] Docket 1-1 at 16.
[8] Docket 1-1 at 16.
[9] Docket 1-1 at 16.
[10] Docket 1-1 at 16.

*Denty v. ARSC Services – Houston Contracting Co.*,  Case No. 4:23-cv-00024-JMK
Order Denying Motion to Dismiss  Page 2
Case 4:23-cv-00024-JMK   Document 26   Filed 07/03/24   Page 2 of 13

suspension, and layoff grievances, either party may waive Step Three, and proceed directly to [arbitration under] Step Four."[11]

Plaintiff Evan Denty is a journeyman pipefitter and member of the Local 375.[12] In June 2020, Mr. Denty began working at HCC as a journeyman pipefitter and, in July 2021, was promoted to the position of "Project Superintendent/Lead Estimator."[13] In this position, Mr. Denty provided project cost estimates to HCC.[14] On April 19, 2023, HCC placed Mr. Denty on unpaid administrative leave after he and his manager had a disagreement with respect to Mr. Denty's job duties.[15]

On the day Mr. Denty was placed on administrative leave, Ryan McGovern, a representative of Local 375, contacted HCC to inquire about Mr. Deny's leave and request a written statement of the reasons for it.[16] HCC's President, Greg Campbell, responded that HCC did not believe that Mr. Denty's position was part of the bargaining unit covered by the CBA.[17] When Mr. McGovern inquired further, Mr. Campbell responded that Mr. Denty signed an offer letter for a staff position that specified he was an "at will" employee.[18] In response, Mr. McGovern insisted that Mr. Denty was covered by the CBA and did not fall within either of the agreement's two exceptions.[19] Ultimately, on June 1, Mr. Campbell objected and expressed his understanding that Mr. Denty was an "at

---

[11] Docket 1-1 at 16.
[12] Docket 1 at 2.
[13] Docket 1 at 3–4.
[14] Docket 1 at 4.
[15] Docket 1 at 6.
[16] Docket 1 at 6–7.
[17] Docket 1 at 6–7.
[18] Docket 15-2 at 4.
[19] Docket 15-2 at 1–2.

*Denty v. ARSC Services – Houston Contracting Co.*,  Case No. 4:23-cv-00024-JMK
Order Denying Motion to Dismiss  Page 3
Case 4:23-cv-00024-JMK   Document 26   Filed 07/03/24   Page 3 of 13

will" employee and not covered by the CBA.[20] He further warned that HCC Human Resources had attempted to contact Mr. Denty, that Mr. Denty had not responded, and that HCC "might move forward with employment actions without his input."[21]

In June 2023, Local 375, via counsel, communicated its position that HCC had violated the CBA by suspending Mr. Denty and continued to do so by refusing to discuss the matter with a union representative.[22] In response, HCC reiterated that Mr. Denty's position was not subject to the CBA as his position was "clerical."[23] However, the parties agreed that Mr. Denty would meet HCC Human Resources for an interview in July.[24] An union representative was permitted to attend with Mr. Denty, subject to HCC's reservation of its argument that Mr. Denty was not part of the bargaining unit.[25] This meeting was not a substantive meeting between the union and employer as the CBA envisions, but rather a meeting for Human Resources "to obtain Mr. Denty's perspective regarding the conduct concerns that culminated in Mr. Denty being placed on leave."[26] On July 18, 2023, HCC's Human Resources met with Mr. Denty and a union representative.[27] When the meeting did not resolve the matter, counsel for Mr. Denty indicated that he believed that the parties had participated in the first steps of the CBA's grievance procedures and requested that the parties proceed to Step Three.[28] HCC again insisted that

---

[20] Docket 10-2 at 1; Docket 15-3 at 1.
[21] Docket 10-2 at 1; Docket 15-3 at 1.
[22] Docket 15-4.
[23] Docket 10-3; Docket 15-5 at 1–2.
[24] Docket 10-4; Docket 10-5.
[25] Docket 10-4; Docket 10-5.
[26] Docket 15-6 at 1.
[27] Docket 1 at 7; Docket 10-5.
[28] Docket 15-6 at 2–3.

*Denty v. ARSC Services – Houston Contracting Co.*,　　　　　　　　　　　　Case No. 4:23-cv-00024-JMK
Order Denying Motion to Dismiss　　　　　　　　　　　　　　　　　　　　　　　Page 4
Case 4:23-cv-00024-JMK   Document 26   Filed 07/03/24   Page 4 of 13

Mr. Denty is not subject to the CBA and that Human Resources was "in the process of completing its review of the matter."[29] It did not directly respond to counsel's request that the parties proceed to the next step in the grievance process.[30]

On August 9, 2023, Human Resources contacted Mr. Denty to schedule a time to discuss the outcome of its internal investigation.[31] On August 21, 2023, Human Resources informed Mr. Denty that it was offering him two options: to return to work, accept training, and agree to "Return to Work Expectations" or to voluntarily resign his position and receive severance.[32] Mr. Denty declined these options and he was terminated on August 28, 2023.[33]

Mr. Denty then filed the present action, challenging his suspension and termination as violations of the CBA.

## II. LEGAL STANDARD

A party may move to dismiss an action where the federal district court lacks subject matter jurisdiction.[34] Furthermore, the Court must dismiss a case if it determines that it lacks subject matter jurisdiction "at any time."[35] A party moving to dismiss for lack of subject matter jurisdiction may either present a facial attack or a factual attack.[36] "In a facial attack, the challenger asserts that the allegations contained in a complaint are

---

[29] Docket 15-6 at 1–2.
[30] Docket 15-6 at 1–2.
[31] Docket 10-8.
[32] Docket 10-12 at 2.
[33] Docket 10-13.
[34] *See* Fed. R. Civ. P. 12(b)(1).
[35] Fed. R. Civ. P. 12(h)(3).
[36] *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

*Denty v. ARSC Services – Houston Contracting Co.*, Case No. 4:23-cv-00024-JMK
Order Denying Motion to Dismiss Page 5
Case 4:23-cv-00024-JMK Document 26 Filed 07/03/24 Page 5 of 13

insufficient on their face to invoke federal jurisdiction."[37]  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."[38]  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."[39]  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."[40]  Ultimately, the party seeking to invoke the federal court's jurisdiction bears the burden of establishing jurisdiction.[41]

Federal district courts have subject matter jurisdiction over suits to enforce the terms of a collective bargaining agreement provided that the plaintiff exhausts the grievance procedures established in the bargaining agreement prior to filing.[42]

### III.  DISCUSSION

HCC mounts a factual attack on this Court's subject matter jurisdiction over this action.  It argues that the Court lacks subject matter jurisdiction because Mr. Denty did not exhaust the CBA's grievance procedures to determine whether he was a member of the bargaining unit.[43]  Mr. Denty responds that HCC "repudiated" the CBA grievance

---

[37] *Id.*
[38] *Id.*
[39] *Id.* (internal citations omitted).
[40] *Id.* (internal quotations and citations omitted).
[41] *See Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).
[42] 29 U.S.C. § 185; *Sidhu v. Flecto Co.*, 279 F.3d 896, 898 (9th Cir. 2002).
[43] Docket 10 at 10–13.

procedures, triggering an exception that excuses Mr. Denty from exhausting the CBA's remedies.[44]

The parties agree that Mr. Denty did not exhaust the CBA's grievance procedures before filing this action. Therefore, the single issue before the Court is whether HCC repudiated the grievance procedures in the CBA such that Mr. Denty did not need to exhaust them before filing suit in federal court. Mr. Denty insists that HCC repudiated the CBA's grievance procedures by repeatedly asserting that the CBA did not cover Mr. Denty's position and by refusing to process Mr. Denty's grievance.[45] HCC argues that (1) it did not repudiate the CBA by maintaining that Mr. Denty was not covered by the CBA; HCC, (2) that Mr. Denty could have used the grievance procedures to determine whether his position was covered by the CBA; and (3) that HCC never refused to use the grievance procedures to resolve the applicability of the CBA.[46]

Section 301 of the Labor Management Relations Act confers on federal courts subject matter jurisdiction over suits to enforce the terms of a CBA.[47] Individual employees may sue under § 301 to enforce the terms of their CBA, but must first exhaust the grievance procedures established by the CBA.[48] A narrow exception to this exhaustion requirement exists where an employer "repudiates" the CBA's grievance procedures.[49] "Where an employer repudiates the contract procedures designed to resolve the grievance,

---

[44] Docket 15 at 9–21.
[45] Docket 15 at 10–22.
[46] Docket 20 at 5–14.
[47] 29 U.S.C. § 185.
[48] *Sidhu v. Flecto Co.*, 279 F.3d 896, 898 (9th Cir. 2002).
[49] *Id.* (citing *Vaca v. Sipes*, 386 U.S. 171, 185 (1967)).

*Denty v. ARSC Services – Houston Contracting Co.*,  Case No. 4:23-cv-00024-JMK
Order Denying Motion to Dismiss  Page 7
Case 4:23-cv-00024-JMK   Document 26   Filed 07/03/24   Page 7 of 13

he is 'estopped by his own conduct to rely on the unexhausted grievance and arbitration procedures as a defense to the employee's cause of action.'"[50] "[T]he repudiation doctrine is an equitable one, prohibiting an employer from repudiating the grievance process and then arguing that an employee did not take advantage of that process."[51]

The Ninth Circuit has adopted a "grievance-specific repudiation approach."[52] "If the employer repudiates the procedures established in a CBA to govern a particular grievance, the aggrieved employee is relieved of the usual requirement to exhaust administrative remedies as to that grievance."[53] An employee need not establish that the entire agreement was repudiated to be relieved from their failure to exhaust.[54] Conversely, an employer does not repudiate a CBA when they refuse to follow one or more of its substantive terms.[55] As the CBA itself provides and the parties both agree, disputes "with respect to the application of" the CBA are disputes with respect to a substantive term of the agreement that must be adjudicated under the CBA's grievance procedures.[56]

Finally, an employer's conduct suffices to demonstrate repudiation of a CBA's grievance procedures.[57] "An obvious situation in which the employee should not

---

[50] *Id.* (quoting *Vaca*, 386 U.S. at 185).
[51] *Terrazas v. Dole Fresh Vegetables, Inc.*, No. CV08-0600-PHX-DGC, 2008 WL 2186194, at *2 (D. Ariz. May 23, 2008) (citing *id.* at 898).
[52] *Sidhu*, 279 F.3d at 900.
[53] *Id.*
[54] *Id.* at 899–900.
[55] *Id.* at 898–99.
[56] Docket 1-1 at 16; *see also id.* at 899 ("We will not find repudiation simply because the employer refused to follow one or more of the substantive terms of the CBA; rather, we will excuse the requirement for exhaustion based on repudiation only if the employer repudiates the specific grievance procedures provided for in the CBA.").
[57] *See Vaca*, 386 U.S. at 185; *accord Greer v. Pac. Gas & Elec. Co., IBEW Local 1245*, 265 F. Supp. 3d 1053, 1068 (E.D. Cal. 2017).

*Denty v. ARSC Services – Houston Contracting Co.*, Case No. 4:23-cv-00024-JMK
Order Denying Motion to Dismiss Page 8
Case 4:23-cv-00024-JMK   Document 26   Filed 07/03/24   Page 8 of 13

be limited to the exclusive remedial procedures established by the contract occurs when the conduct of the employer amounts to a repudiation of those contractual procedures."[58] District courts in this circuit have concluded that an employer's failure to adhere to grievance procedures before terminating an employee may demonstrate repudiation. For instance, in *Armendariz v. Stremicks Heritage Foods, LLC*, a district court concluded that an employer's failure to initially discipline an employee and refusals to engage in a "employee conference" prior to termination or in a "settlement conference" as required by a CBA constituted repudiation.[59] Similarly, in *Harris v. United Parcel Service, Inc.*, a district court concluded that the allegation that UPS terminated an employee without further pursuing the grievance process after he had been reinstated following an initial grievance hearing provided sufficient factual content to plead repudiation.[60]

       HCC's conduct constituted a repudiation of the grievance procedures in this case. The Court finds that Mr. Denty grieved HCC's determination that his position was not covered by the CBA. On the same day Mr. Denty was placed on administrative leave, Mr. McGovern, a union representative, reached out to HCC as required by Step One of the grievance process.[61] Although this contact initially did not relate to the issue of whether Mr. Denty was covered by the CBA, that issue quickly arose. In response to this outreach, Mr. Campbell, HCC's president, refused to engage with the union on the basis that Mr.

---

[58] *Id.*
[59] No. 820CV00454JLSADS, 2020 WL 5875028, at *4 (C.D. Cal. Aug. 7, 2020).
[60] No. C 08-01810 JSW, 2009 WL 10695724, at *2 (N.D. Cal. Feb. 17, 2009).
[61] Docket 15-2 at 5.

*Denty v. ARSC Services – Houston Contracting Co.*,　　　　　　　　　　　Case No. 4:23-cv-00024-JMK
Order Denying Motion to Dismiss　　　　　　　　　　　　　　　　　　　　　　　　Page 9
Case 4:23-cv-00024-JMK　　Document 26　　Filed 07/03/24　　Page 9 of 13

Denty was not a covered employee.[62] In subsequent correspondence, Mr. McGovern insisted that Mr. Denty was covered by the CBA and Mr. Campbell reiterated his view that Mr. Denty was not.[63] Ultimately, on May 4, Mr. McGovern wrote an email explaining why Local 375 believed Mr. Denty's position was covered, expressly stating that "[t]he intention of this email is to communicate that Local 375 believes that the CBA trumps the offer letter suggesting Evan's employment was at will," and offering to proceed further if HCC disagreed.[64] Although Mr. McGovern did not make a formal, explicit request to grieve the issue of whether Mr. Denty's position was covered by the CBA, the parties' exchange constituted a discussion between the employer and union with respect to the issue, which is the standard manner in which grievances are raised under the CBA.[65]

Even though Local 375 had squarely presented a grievance regarding whether Mr. Denty's position was covered by the CBA, HCC terminated Mr. Denty's employment. The communications between Mr. McGovern and Mr. Campbell completed Step One of the grievance procedure as the union and employer discussed the issue, determined there was a dispute, and reduced the issue to writing as the CBA requires.[66] Nonetheless, in response to the union, HCC did not turn to the grievance procedures to adjudicate the issue.[67] Instead, Mr. Campbell maintained his position that Mr. Denty was

---

[62] Docket 15-2 at 5.
[63] Docket 15-2 at 2–4.
[64] Docket 15-2 at 2.
[65] *See* Docket 1-1 at 16 (requiring the job steward and the superintendent or an authorized representative discuss an issue with respect to the application or performance of the CBA when it arises).
[66] *See* Docket 1-1 at 16.
[67] Docket 15-3 at 1; *see also* Docket 15-6.

not a covered employee.[68] HCC pushed forward with its internal human resources investigation of Mr. Denty, ignoring Mr. Denty's and the union's repeated protestations that Mr. Denty was a covered employee and the attempted continuation of the grievance process.[69] As the Human Resources investigation progressed, HCC allowed a union representative to observe an interview HCC's Human Resources arranged with Mr. Denty.[70] However, HCC did not allow the union to engage on Mr. Denty's behalf and raise the coverage issue.[71] Following this interview, counsel for Mr. Denty sought to move the parties to Step Three of the grievance procedure and explicitly identified the application of the CBA as a dispute.[72] HCC did not respond.[73] Nor did they respond to later threats to file a federal complaint.[74] Then, as was the case in both *Armendariz* and *Harris*, HCC terminated Mr. Denty even though a grievance process had been initiated, cutting off his ability to seek redress under the CBA's procedures.

At oral argument, HCC insisted that the email sent by counsel for Mr. Denty seeking to initiate Step Three of the grievance procedure was an attempt to manufacture compliance with the earlier steps in the grievance process. If this were the case, HCC could have corrected counsel's assertion that Step Three was appropriate or, in response to threats to litigate in federal court, insisted that the grievance procedure be followed. But it did not. Instead, it chose to terminate Mr. Denty through internal Human Resources processes.

---

[68] Docket 15-3 at 1
[69] *See* Docket 15-6; *see also* Docket 15-5.
[70] Docket 15-5; *see also* Docket 15-6 at 3–6.
[71] Docket 15-6 at 3–8; *see also* Docket 15-5 (reservation of rights)
[72] Docket 15-6 at 2–3.
[73] *See* Docket 15-6 at 1–3.
[74] *See* Docket 15-6 at 1–3.

*Denty v. ARSC Services – Houston Contracting Co.*,　　　　　　　　　　　　Case No. 4:23-cv-00024-JMK
Order Denying Motion to Dismiss　　　　　　　　　　　　　　　　　　　　　　　Page 11
Case 4:23-cv-00024-JMK   Document 26   Filed 07/03/24   Page 11 of 13

HCC also argued at oral argument that it was not its burden to initiate or continue the grievance procedures. In its view, Mr. Denty should have made an explicit request to grieve the coverage issue and then taken steps to further initiate each step of the grievance procedure. But, as discussed, the evidence shows the union did grieve the coverage issue in a manner this Court understands to be standard: by expressly raising it in correspondence with HCC. Furthermore, the CBA is silent with respect to which party bears the burden of initiating each step of the process.[75] Once the union grieved the issues on Mr. Denty's behalf, HCC could not ignore the grievance and terminate Mr. Denty through their non-union process without repudiating the grievance procedures.[76]

HCC argues that it "never refused to resolve *whether* [Mr.] Denty was covered by the CBA within its grievances procedures."[77] HCC's conduct belies that assertion. While HCC never expressly stated they refused to grieve the issue, it consistently stonewalled attempts by Mr. Denty, his counsel, and others to properly do so and terminated Mr. Denty notwithstanding the open grievance. This demonstrates that, with respect to Mr. Denty, HCC repudiated the CBA's grievance procedures, leaving Mr. Denty no choice but to file the instant action. Accordingly, HCC's *Motion to Dismiss* is **DENIED**.

---

[75] *See* Docket 1-1 at 16–17.

[76] *See Nat'l Post Office Mail Handlers Local No. 305, LIUNA, AFL-CIO v. U.S. Postal Serv.*, 594 F.2d 988, 991–92 (4th Cir. 1979) (finding no further exhaustion of contractual remedies required where defendant employer's actions frustrated employee's ability to complete early stages of grievance procedure).

[77] Docket 20 at 7 (emphasis in original).

## IV. CONCLUSION

For the foregoing reasons, the *Motion to Dismiss* at Docket 10 is **DENIED**.

IT IS SO ORDERED this 3rd day of July, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Denty v. ARSC Services – Houston Contracting Co.*, Case No. 4:23-cv-00024-JMK
Order Denying Motion to Dismiss Page 13
Case 4:23-cv-00024-JMK   Document 26   Filed 07/03/24   Page 13 of 13